```
DORON WEINBERG (SNB 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
GARRY WAN
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **CASE NO. CR-14-0604 PJH** |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **DEFENDANT GARRY WAN'S** |
| | ) | **SENTENCING MEMORANDUM** |
| vs. | ) | |
| | ) | DATE: June 21, 2017 |
| GARRY WAN, et. al., | ) | TIME: 2:30 PM |
| | ) | JUDGE: Hon. Phyllis J. Hamilton |
| Defendants. | ) | COURT: 3, 3rd Floor |

Defendant Garry Wan recognizes that the recommendation made by the U.S. Probation Office that he serve a period of eight months home confinement, without incarceration represents a substantial variance from the Guideline for Offense Level 13. Mr. Wan deeply appreciates the thoughtfulness and consideration that went into this recommendation but he respectfully suggests that even this mitigated sentence is unwarranted, and is clearly greater than necessary to accomplish the fundamental purposes of sentencing.

Indeed, both the nature and circumstances of his offense and the history and characteristics of Garry Wan support the conclusion that Garry Wan requires no further punishment or restrictions on his liberty to address the causes and consequences of his conduct.

The Presence Investigation Report ("PSI") justifiably focuses on Garry Wan's personal characteristics and history and concludes that they warrant a substantial variance from the

---
Defendant Garry Wan's Sentencing Memorandum
(Case No. CR-14-0604 PJH)        1

Guidelines.

This is plainly correct.

Garry Wan is a 62 year old man with no criminal history and no previous involvement in the criminal justice system. In fact, as the government knows, Mr. Wan did not engage in the offense conduct here based on a conscious decision to become involved in criminality. Rather, Mr. Wan was a restaurant owner who supported his elderly mother and his two young daughters by himself, based on his earnings operating a small restaurant. But, having reached middle age, he found that he could no longer operate the restaurant and generate enough income to support his family. He therefore accepted the suggestion of George Cheng, a frequent customer at his restaurant, that he work for George Cheng and his wife on a salaried basis (approximately $3000 a month) to fill a seat at various foreclosure auctions in Alameda and Contra Costa counties. In doing so, he agreed to act as little more than a messenger on behalf of the Chengs, doing only, and exactly, as he was instructed by George's wife Terry to do. He had no financial interest in these transactions, and no discretion or autonomy.

In the statement of Garry Wan's offense conduct that the government provided to the Probation Office, which the Probation Office simply adopted, the government presents a misleading picture of Mr. Wan's participation, largely by portraying his conduct in a vacuum that makes it appear as though he was a principal actor. Thus, the government lists, in 11 paragraphs, various occasions on which Garry Wan took notes at auctions and kept records of the bidding process and the amounts that various participants owed or were owed. Describing these specific events makes it appear as though Garry Wan was directing or leading the activities of others, when in fact he was merely performing ministerial acts that others were doing with far greater frequency. The "round sheets" that the government repeatedly mentions in its recounting of the offense conduct did not reflect any money owed to or by Garry Wan, but only monies owed to or by others. Where Garry Wan is listed as a participant who either owed or was owed funds, the reference is always and invariably to money owed by and to George and Terry Cheng, for whom

he was merely a proxy.

Not only does the description of the offense conduct provide an exaggerated version of Garry Wan's role in the auctions, but the Guideline Offense Level calculation is – at least as to Garry Wan – completely artificial. Because George and Terry Cheng had Garry Wan place bids on properties worth a total of more than $10 million, his Offense Level is raised by 4 levels.

Garry Wan does not dispute that he, necessarily, agreed to this Offense Level calculation in striking his plea agreement with the government. However, the artificial nature of this adjustment cries out for a substantial variance to reflect Garry Wan's true role. He is in no way "responsible" for restraining trade with respect to more than $10 million worth of commerce. He was not an architect or even a planner or participant in any scheme to withhold potential profits from the banks or to control bidding at foreclosure auctions. He was simply a messenger, a cog in the wheel, doing what he was instructed to do so that other people could realize enormous profits while he struggled to support his family on a less-than-middle-class income.

Under the circumstances, the attribution to Garry Wan of responsibility for affecting more than $10 million of commerce is – even if technically called for by the Guidelines – entirely inappropriate. He had no control over of the volume of commerce involved, and that amount had no relationship to the benefits that he derived from his participation. A variance should be granted to eliminate the 4-level adjustment.

In determining the appropriate disposition of Garry Wan's case, in addition to the § 3553 factors it should also be noted that the conduct ended more than six years ago and, further, that Mr. Wan agreed to and did provide substantial assistance to the government by fully disclosing his involvement and that of others in the bid-rigging scheme and making himself available to testify as necessary at the trials of any of his co-defendants.

///

///

///

Defendant Garry Wan's Sentencing Memorandum
(Case No. CR-14-0604 PJH)     3

In light of all of the circumstances, it is respectfully urged that the purposes of sentencing and the factors set forth in 18 U.S.C. § 3553 make clear that no additional punishment or restrictions on freedom are necessary for Garry Wan, but that a sentence of probation would be fully sufficient and appropriate.

Dated: June 14, 2017

Respectfully submitted,

LAW OFFICES OF DORON WEINBERG

  /s/ Doron Weinberg
DORON WEINBERG
Attorney for Defendant
GARRY WAN